IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alicia Roshong, et al.,                                    Case No. 3:10cv2656

             Plaintiffs

     v.                                                    **ORDER**

Fitness Brands Inc., et al.,

                    Defendants

This is a products liability suit in which plaintiffs claim that the defendants made false representations about the quality and safety of the Ab Circle Pro, a fitness device.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

Plaintiff contends that personal jurisdiction exists as to defendant Fitness Brands, Inc. (FBI) based on its marketing and distribution of the Ab Circle Pro in Ohio.

Pending is FBI's renewed Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction. [Doc. 27]. For the following reasons, I deny the motion.

### BACKGROUND

Plaintiff Alicia Roshong is a resident of Erie County, Ohio; plaintiff Alexandria Wolph is a resident of Seneca County, Ohio. Defendant Fitness Brands, Inc. is a privately-owned company organized under the laws of Nevada with its principal place of business in Texas.

Plaintiffs allege that defendants FBI and Direct Entertainment Media Group, Inc. (DEMG) marketed, sold, and distributed the Ab Circle Pro in Ohio. They also allege that FBI participated in the design and manufacturing of the Ab Circle Pro.

The AB Circle Pro is a fitness device manufactured by a Chinese company. FBI acted as a seller and distributor of the device for approximately four months, from January through April, 2009. In April, 2009, FBI signed a distribution agreement with DEMG; FBI acts as a broker between the inventor of the machine and its Chinese manufacturer and distributors and sellers, including DEMG.

During its four-month period of direct sales to Ohio residents, FBI earned a profit of approximately $40,000 from selling a "couple hundred" units. [Doc. 33, p. 21]. Plaintiffs maintain FBI also earned as much as $237,000 from units sold through DEMG and the Home Shopping Network from early 2009 through 2011.

In November, 2009, plaintiffs purchased the AB Circle Pro in Erie County, Ohio. Plaintiffs allege that "[t]he product is designed so that one is easily thrown off the product at a high rate of speed rendering the product far more dangerous than any consumer could expect when using the product for its intended use as directed."

Plaintiffs contend both defendants made false representations about the quality and safety of the device.

On October 25, 2010, plaintiffs filed this action against FBI and DEMG in the Erie County, Ohio, Court of Common Pleas, alleging class-wide negligence, breach of express and implied warranties, and unjust enrichment, all under Ohio law. [Doc. 1, Exh. 3]. On November 23, 2010, FBI removed the case to this court under the Class Action Fairness Act, 28 U.S.C. § 1132(d)(2)(A). [Doc. 8].

On February 28, 2011, FBI filed its initial motion to dismiss for lack of personal jurisdiction. [Doc. 19]. Plaintiffs sought leave to conduct jurisdictional discovery, which I granted up to August 25, 2011. [Doc. 24].

## Discussion

Since this court's subject matter jurisdiction is based on diversity of citizenship, the substantive law of Ohio governs the issue of personal jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 440 (6th Cir. 1980).

In Ohio, personal jurisdiction is proper if: 1) the state long arm statute authorizes jurisdiction; and 2) the exercise of jurisdiction is consistent with the due process requirements of the United States Constitution. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). On a motion to dismiss, plaintiff bears the burden of establishing a prima facie case as to both elements. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). When I rule on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) without an evidentiary hearing, I must "consider the pleadings and affidavits in a light most favorable to the plaintiff[.]" *CompuServe*, *supra*, 89 F.3d at 1262.

### 1. Ohio's Long Arm Statute

Ohio's law governing personal jurisdiction states that:

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

* * *

(4) Causing tortious injury in this state by an act or omission outside this state if he . . . derives substantial revenue from goods used or consumed or services rendered in this state;

3

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he . . . derives substantial revenue from goods used or consumed or services rendered in this state[.]

O.R.C. § 2307.382(A).

The statute also states that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." *Id.* at (C).

Plaintiffs argue that the $237,000 FBI may have received in profits from sales of the Ab Circle Pro in Ohio constitutes "substantial revenue." Plaintiffs also rely on FBI's counsel's statement in removing the case to this court, that revenue from the Ab Circle Pro in the state of Ohio exceeded $6.1 million with sales of more than 36,000 units through third-party distributors and the Home Shopping Network.

FBI correctly points out that the total revenue for all Ab Circle Pros cannot be attributed to it, and that plaintiffs have provided no evidence to suggest that FBI is involved with the distribution of every one of its units. FBI is incorrect, however, in stating that the "only" revenue that matters is what it derives from its direct sales to Ohio in early 2009. Ohio's statute makes no distinction between manufacturers/direct sellers and distributors along the supply chain – the key inquiry is whether the substantial revenue comes from "goods used or consumed . . . in this state." Although FBI's role in the supply chain has been defined as a "middleman" – neither manufacturer nor distributor – it does not deny that it had a role in connecting end users to the Ab Circle Pro, and that it derived some profit from Ohio.

4

FBI also points out that plaintiffs did not make any further efforts to ascertain what FBI's revenue was from sales of Ab Circle Pro, other than its inquiry to FBI's Chief Operating Officer, David Brodess. While this is true, this does not mean that I must treat all plaintiffs' allegations as false. I must, rather, "draw all permissible inferences in favor of [plaintiff] at this stage of the proceedings[.]" *Bird v. Parsons*, 289 F.3d 865, 872 (6th Cir. 2002) (citing *CompuServe*, *supra*, 89 F.3d at 1261-62).

Based on information currently in the record, I find that plaintiffs have made out a prima facie case for jurisdiction under § 2307.382(A)(4).

## 2. Due Process Requirements

In addition to conforming to the requirements of the Ohio long arm statute, this court can exercise personal jurisdiction over parties only where doing so complies with the requirements of due process under the Fourteenth Amendment. To meet those requirements: 1) the defendant must have minimum contacts with the forum state; and 2) exercise of personal jurisdiction must be consistent with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945). A defendant can be subject to either general or specific jurisdiction. *Nationwide*, *supra*, 91 F.3d at 793. Plaintiffs do not dispute that defendants are not subject to general jurisdiction in Ohio.

Specific jurisdiction can "be premised on a single act of the defendant." *Id.* at 794 (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957)). The Sixth Circuit has provided a three-part test to determine whether a defendant has sufficient minimum contacts with the jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection

with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Nationwide, supra*, 91 F.3d at 793 (quoting *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993)).

### A. Purposeful Availment

Plaintiffs contend that FBI's actions meet the first prong of the test, the "purposeful availment" requirement, because FBI is part of the "stream of commerce" which brought the Ab Circle Pro to the plaintiffs.

The Sixth Circuit has adopted the "stream of commerce 'plus'" test first articulated in *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987).  As Justice O'Connor stated, "[p]lacement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Id.* Instead, plaintiffs must show some "[a]dditional conduct of the defendant," such as

> designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Id.*

Plaintiffs contend that FBI has directly reached out to consumers in Ohio through advertising on the Home Shopping Network, as well as by using a distributor who it knew would make sales in the state of Ohio. Plaintiffs are incorrect that selling the Ab Circle Pro through the Home Shopping Network constitutes advertising, as defendant rightfully points out. Even if the sales through the Home Shopping Network could be considered advertising, the Sixth Circuit has yet to hold that

6

nationwide advertising is sufficient to constitute purposeful availment. *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 481 n. 10 (6th Cir. 2003).

Plaintiffs' contention regarding their use of a distributor who made sales in Ohio is, however, well-taken. "'[M]arketing the product through a distributor who has agreed to serve as the sales agent in the forum State' can 'indicate an intent or purpose to serve the market in the forum State.'" *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 544 (6th Cir. 1993) (quoting *Asahi*, *supra*, 480 U.S. at 112). Although plaintiffs have not provided the written distribution agreement between FBI and DEMG, it is clear from the record — particularly Brodess' deposition — that the two parties had a distribution agreement that included the state of Ohio. *See Bridgeport Music*, *supra*, 327 F.3d at 484 (finding purposeful availment on the basis of a distribution agreement even though the defendant "does not explicitly admit that it affirmatively required [the distributor] to distribute its records" throughout the United States).

FBI argues that because it did not manufacture the Ab Circle Pro, this court cannot have jurisdiction over it on the basis of a "stream of commerce" theory. To be sure, most cases finding personal jurisdiction on the basis of the "stream of commerce" involve manufacturers. This does not mean, however, that FBI can escape this court's reach simply because it has a foreign manufacturer and interposes a distribution network between itself and its end users. *Cf. Irving v. Owens-Corning Fiberglas Corp.*, 864 F.2d 383, 386 (5th Cir. 1989) (dismissing arguments about whether the defendant was "more properly characterized as an asbestors seller, wholesaler, broker, agent or some other variety of middleman in this distribution chain").

### B. Arising from the Defendant's Activities

The second factor of the Sixth Circuit's test for determining whether exercising personal jurisdiction over a defendant complies with due process requires a court to find that the cause of action arises from the defendant's activities in the forum state. FBI argues that plaintiffs have provided no such evidence.

FBI has stated in deposition testimony through Brodess, however, that FBI retains exclusive rights to sell the Ab Circle Pro to distributors around the world. [Doc. 33, p. 3.] Brodess also maintains that there are many counterfeit devices purporting to be genuine Ab Circle Pros. *Id.* at 5. At this stage, however, I must credit plaintiffs' allegations that they possess genuine Ab Circle Pro devices, and as such, originated with FBI.

### C. Reasonableness

The third requirement — reasonableness — would also likely be met. "When the first two criteria are met, an inference arises that the third criterion is also present and 'only the unusual case will not meet this third criterion.'" *Omega Cable & Commc'ns. Inc. v. Time Warner, Inc.*, 2006 WL 2077035, *4 (N.D. Ohio) (quoting *First Nat. Bank of Louisville v. J.W. Brewer Tire Co.*, 690 F.2d 1123, 1126 (6th Cir. 1982)). The Sixth Circuit has held that "[w]hether the exercise of jurisdiction over a foreign defendant is reasonable is a function of balancing three factors: 'the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief.'" *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 666 (6th Cir. 2005) (quoting *Asahi*, *supra*, 480 U.S. at 113).

Ohio certainly has an interest in protecting the rights of Ohio consumers, particularly where they are subject to harm, as plaintiffs have alleged here. As the Supreme Court has noted, "modern transportation and communications have made it much less burdensome for a party sued to defend

himself in a State where he engages in economic activity." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *McGee*, *supra*, 355 U.S. at 223). Products of foreign manufacturers increasingly cause injury to Ohio residents. There is nothing reasonable in insulating from liability those who profit from selling those products to Ohioans simply because they do so through a middleman or several middlemen. There is, in a word, nothing "reasonable" in extending *de facto* immunity to parties such as FBI once plaintiffs show sufficient contacts and conformity with due process to justify holding them accountable here. Doing so is far more "reasonable" than forcing them to go elsewhere to seek recovery.

### Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendant's motion to dismiss be, and the same hereby is denied.

A schedule a status/scheduling conference is set for May 7, 2012 at 1:30 p.m. Out of town counsel may participate by phone.

So ordered.

s/James G. Carr
Sr. United States District Judge

9