**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Alicia Roshong, et al.,                                      Case No. 3:10cv2656

             Plaintiffs

      v.                                                      **ORDER**

Fitness Brands Inc., et al.,

             Defendants

This is a products liability suit in which plaintiffs claim that the defendants made false representations about the quality and safety of the AB Circle Pro, a fitness device.

On October 25, 2010, plaintiffs filed this action against Fitness Brands Inc. (FBI) and Direct Entertainment Media Group, Inc. (DEMG) in the Erie County, Ohio, Common Pleas Court, alleging under Ohio law negligence, breach of express and implied warranties, and unjust enrichment. [Doc. 1, Exh. 3]. On November 23, 2010, FBI removed the case to this court under the Class Action Fairness Act, 28 U.S.C. § 1132(d)(2)(A). [Doc. 8].

This court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

Pending are DEMG's motion to dismiss for failure to state a claim [Doc. 44] and strike exhibits to plaintiffs' opposition to the motion to dismiss. [Doc. 50]. For the following reasons, I grant in part and deny in part defendant's motion to dismiss and motion to strike.

**Background**

Plaintiff Alicia Roshong is a resident of Erie County, Ohio; plaintiff Alexandria Wolph is a resident of Seneca County, Ohio.

A Chinese company manufactures the AB Circle Pro, a fitness device. Defendant Fitness Brands, Inc. (FBI) was a seller and distributor of the device for approximately from January through April, 2009. In April, 2009, FBI signed a distribution agreement with DEMG; FBI acts as a broker between the inventor of the machine and its Chinese manufacturer and distributors and sellers, including DEMG.

In November, 2009, plaintiffs purchased the AB Circle Pro in Erie County, Ohio. They allege that "[t]he product is designed so that one is easily thrown off the product at a high rate of speed rendering the product far more dangerous than any consumer could expect when using the product for its intended use as directed."

Plaintiffs contend both defendants made false representations about the quality and safety of the device.

**Standard of Review**

A claim survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, *supra*, 556 U.S. at 678 (citing *Twombly*, *supra*, 550 U.S. at 557) (internal quotation omitted).

I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## Discussion

### 1. Negligence

Plaintiffs' first claim is for negligence, based on DEMG's alleged failure properly and adequately to: design the AB Circle Pro; install a fail-safe component; test the device; manufacture, fabricate, and assemble the device; and warn of the dangers attendant to using the device.

#### A. Economic Loss Doctrine

DEMG contends that this claim cannot stand as plaintiffs have not alleged any injury outside of economic damages for the money they paid for the AB Circle Pro. As plaintiffs correctly point out, however, where plaintiffs are "ordinary consumers," the so-called "economic loss rule" does not apply. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 684 F.Supp.2d 942, 949 (N.D. Ohio 2009); *see also HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1029-30 (6th Cir. 2003) (agreeing that non-commercial parties lacking privity can recover economic losses in some circumstances).

DEMG attempts to argue that plaintiffs have already cast their relationship as one in privity with DEMG; this is clearly not the case: plaintiffs have presented themselves as ordinary consumers, who purchased a consumer product relayed through a series of sellers and distributors, including both defendants. Plaintiffs have sufficiently alleged they were deprived of the full value of the AB Circle Pro, including the money they spent to purchase them.

### B. Common Law Claims

DEMG also contends that plaintiffs' common law claims of negligence cannot stand as they are precluded by the Ohio Product Liability Act. O.R.C. § 2307.71(B).

The Ohio Product Liability Act was intended to "abrogate all common law product liability claims or causes of action." *Id.* The Sixth Circuit has recognized this abrogation, at least in so far as it applies to claims brought after the 2005 amendment, which added section (B), quoted above. *Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010) (holding that the 2005 amendment did not apply retroactively). Plaintiffs first filed their claim in 2010, so there is no question the OPLA's abrogation of common law claims applies to this case.

Plaintiffs argue that their claims for negligent design and negligent failure to warn survive OPLA's abrogation. Plaintiffs are mistaken in their reliance on *Hertzfeld v. Hayward Pool Prods., Inc.*, 2007 Ohio 7097 (Ohio Ct. App. 2007). In *Hertzfeld*, the plaintiff had filed her claims in 2003, prior to the 2005 amendment, which made clear that the OPLA supplanted any common law claims for product liability.

Plaintiffs provide no other argument for why their common law claims of negligence should survive, and so these claims must be dismissed.

### 2. Breach of Express Warranty

Plaintiffs' second claim is for breach of an express warranty. To claim breach of express warranty, plaintiffs must plead that: "1) a warranty existed; 2) the product failed to perform as warranted; 3) plaintiff provided defendant with reasonable notice of the defect; and 4) plaintiff suffered injury as a result of the defect." *St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896, 902 (N.D. Ohio 2008) (citing *Litehouse Prods., Inc. v. A.M.I. Int'l, Ltd.*, 1984 WL 4539, *3 (Ohio Ct. App.)).

Under Ohio law, an express warranty is created by "(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the bargain;" "(2) Any description of the goods which is made part of the basis of the bargain;" or "(3) Any sample or model which is made part of the basis of the bargain." *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 753 (N.D. Ohio 2010) (quoting O.R.C. § 1302.26(A)(1-3)).

DEMG asserts plaintiffs have not alleged a specific statement of fact by defendant that would constitute an express warranty. In response, plaintiffs have attached several exhibits to their opposition, which are the subject of DEMG's motion to strike. None of these exhibits were attached to plaintiffs' complaint, and as DEMG points out, the record on a 12(b)(6) motion is limited to the pleadings.

There is an exception to this rule: "When a court is presented with a Rule 12(b)(6) motion, it may consider . . . items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so as long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Defendant's contentions regarding Exhibit 2 and 3, print outs of DEMG's website regarding the AB Circle Pro, are well-taken. The only reference to these documents are the vague and general

5

references to "advertising" in the complaint; plaintiffs did not specifically mention DEMG's website or the information contained therein, nor do they allege now that plaintiffs saw this website at the time of their purchase in 2009. Exhibit 1, a letter from plaintiff to defendant FBI regarding the product defects, however, was specifically referenced in the complaint.[1]

Nevertheless, even taking into account the information included in Exhibit 1, plaintiffs' claims do not amount to more than a "formulaic recitation of the elements" for a breach of express warranty. *Twombly*, *supra*, 550 U.S. at 555. Plaintiffs' vague statements about misleading and deceptive advertising is insufficient to show defendant made an explicit "affirmation of fact or promise" that the AB Circle Pro "was safe for use as a fitness machine."

Plaintiffs' claim for breach of express warranty is dismissed.

### 3. Breach of Implied Warranty of Merchantability[2]

Plaintiffs' next claim is for breach of the implied warranty of merchantability. DEMG contends that this claim must be dismissed as the complaint does not specify whether the claim arises from Ohio statutory law or the UCC. DEMG points out that this results in an assumption that the claim arises from the common law, which the Ohio Products Liability Act has abrogated. O.R.C. § 2307.71(B).

---

[1] Indeed, it is referred to as an exhibit in the complaint, which the plaintiffs explain they inadvertently failed to attach.

[2] Plaintiffs also initially pled breach of the implied warranty of fitness for a particular purpose. DEMG, pointing out that "a 'particular purpose' differs from the ordinary purpose for which goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged under the concept of merchantability," contends plaintiffs have not specified any particular purpose apart from the AB Circle Pro's customary use. Plaintiffs do not dispute this contention, and defendant's argument is well-taken; the claim is dismissed.

Plaintiffs acknowledge their failure to cite to the relevant statute in their pleading, but assert that it is clear their claims arise from the UCC, as codified at O.R.C. § 1302.27. I agree that there would be little purpose in sending plaintiffs back to amend their complaint, as DEMG does not dispute they would be allowed to do. Accordingly, I find that this claim survives the motion to dismiss, proceeding as a claim under Ohio's UCC. *See CCB Ohio LLC v. Chemque, Inc.*, 649 F.Supp.2d 757, 763 (S.D. Ohio 2009) (citing *Miles v. Raymond Corp.*, 612 F.Supp.2d 913, 924 (N.D. Ohio 2009)).

### 4. Unjust Enrichment

Plaintiffs' last claim is for unjust enrichment. Ohio law allows claims of unjust enrichment where there is not a "true contract." *Reisenfeld & Co. v. Network Group, Inc.*, 277 F.3d 856, 860 (6th Cir. 2002):

> Under Ohio law, there are three elements for a quasi-contract claim. There must be: (1) a benefit conferred by the plaintiff upon the defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.

*Id.*

Plaintiffs state that they pled unjust enrichment in the alternative, in case this court finds there was no valid contract between DEMG and plaintiffs. Plaintiffs have made sufficient allegations to give rise to a claim of unjust enrichment, in that plaintiffs bestowed a benefit upon DEMG with their purchase of the AB Circle Pro, DEMG knew of this profit, and unjustly retained it "in light of the fact that the product purchased . . . was not what it was purported to be." *Delahunt v. Cytodyne Technologies*, 241 F.Supp.2d 827, 836 (S.D. Ohio 2003).

### Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Defendants' motion to dismiss (Doc. 44) counts one and two (breach of express warranty) of plaintiffs' complaint be, and the same hereby is, granted;

2. Defendants' motion to dismiss counts two (breach of implied warranty) and three in plaintiffs' complaint be, and the same hereby is, denied; and

3. Defendant's motion to strike (Doc. 50) be, and the same hereby is overruled as moot.

So ordered.

s/James G. Carr
Sr. United States District Judge
